**CONNELLY et, Plaintiffs-Appellants, v. MORRIS, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23407.   Decided November 30, 1955.

Spieth, Spring & Bell, Cleveland, for plaintiffs-appellants.
Halle, Haber, McNulty & Berick, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law. The action is one seeking injunctive relief. The plaintiffs are owners of property in an area of the City of Cleveland Heights in which the property owners, during the year 1953, through a conveyance of their respective holdings to the Land Title and Trust Company, and a reconveyance by the Trust Company to the respective owners, subjected the several properties of those joining in the plan to certain building restrictions. Paragraphs one and three of the agreed restrictions provide:

"1. No house shall be erected, placed or, having been hereafter erected, shall be suffered to remain upon the lot hereby conveyed (hereinafter referred to as 'this lot'), the cost of construction of which shall be less than $20,000. No house shall be erected closer to any street on which this lot abuts than the house existing on such street on January 1, 1950, nearest to this lot, nor closer to any side line of this lot than 15 feet.

"3. No fence or wall exceeding 3 feet in height shall be erected or maintained on any part of this lot within 70 feet of the street on which this lot fronts."

It was agreed that the foregoing restrictions, with the others set forth in paragraphs one to seven of the agreement, would be "covenants and not as conditions hereof and shall bind the grantee, his heirs and assigns, until the first day of May, 1965, and shall run in favor of and shall be enforceable by any person (and the heirs and assigns of such person) who is a grantee under a deed similar to this in the area * * *."

The defendant thereafter became the owner of a vacant lot fronting on North Park Boulevard within the area subjected to these restrictions by a prior owner. Through a mistake negligently made, but not the result of a wilful purpose to violate the foregoing restrictions, the defendant began the construction of a residence on his lot, the front line of the building being closer by 25'8" on the east corner and 15'8" closer on the west corner to the street line than the house "nearest to this lot." The defendant, after fixing the location where his house should be built filed application for a building permit with the Building Department of the City of Cleveland Heights with a plat of the lot showing the location of the proposed building. The application was filed

March 8, 1954. The location of the building was also in violation of Section 105-2 of the Zoning Ordinance of the City, which provides:

"**FRONT SETBACK LINES IN PARTIALLY BUILT BLOCKS.** Where two or more main buildings front on one side of a street in a block, exclusive of any frontage along the side lines of a corner lot, the required building front setback line to be observed for all main buildings hereafter erected on other lots in such block facing on said street, unless otherwise allowed by the Board, shall be determined and established by the Commissioner of Buildings, by measuring the several lines of shortest distance from the outside of the main walls of each of such existing buildings out to the street line and taking the average of the distances so measured."

The City Building Commissioner issued a building permit on the day the application was filed and construction was started at once. The services, that is, sewer and water lines were installed, and work was started on the foundation and ground floor and the front wall of the building. The front wall was built of concrete block with stone facing eight feet high and eighteen feet long. The construction on this wall was started about May 4th and was completed June 15th. The concrete floor was completely finished June 26th and building progressed so that by July 15th the roofing sheathing was finished and covered with roofing paper.

The plaintiffs first notified defendant that they claimed that his house was being constructed in violation of the setback provisions by letter on July 22, 1954. By that time the defendant had spent a sum in excess of twenty thousand dollars toward the construction of his home, the total cost of which was to be in the neighborhood of fifty thousand dollars. At the time the defendant received plaintiffs' letter, the building was in such shape that an attempt to move it would have completely destroyed its value.

From the progress schedule, as shown by the evidence, any interested person could have determined that the setback restrictions were not being complied with at least six weeks before plaintiffs wrote their letter of July 22, 1954. The defendant without question was acting in good faith. The plaintiffs, in the exercise of due diligence, should have discovered defendant's mistake long before July 22, 1954, and failed seasonably to assert any claim of the violation of setback restrictions until after the defendant had expended a large sum of money which would be completely lost should the prayer of plaintiffs' petition be granted. Equity rewards the vigilant, not those who slumber on their rights.

We find that while the setback restrictions are sufficiently clear to be enforceable the plaintiffs were guilty of laches in seeking relief against their violation by the defendant, and the plaintiffs are therefore not entitled to an injunction as prayed for. Decree to issue for defendant.

KOVACHY, PJ, HURD, J, concur.